Filed 2/18/16  P. v. Gamble CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B264394 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA197710) |
| v. | |
| RICKY GAMBLE, | |
| Defendant and Appellant. | |

THE COURT:[*]

On June 7, 2001, following his conviction on multiple felony charges, including two counts of robbery, appellant Ricky Gamble was sentenced under the "Three Strikes" law to a prison term of 110 years to life.  On April 2, 2015, he filed a motion for correction of the record, claiming that at the time he was sentenced in 2001, he was awarded two few days of presentence custody credits.  The trial court granted appellant's motion, awarding him an additional two days of presentence custody credits, and ordered that an amended abstract of judgment issue.  On May 20, 2015, appellant timely filed a notice of appeal.

Counsel was appointed to represent appellant in connection with this appeal. After examination of the record, counsel filed an "Opening Brief" in which no arguable

---

[*]     BOREN, P. J., ASHMANN-GERST, J., CHAVEZ, J.

issues were raised. We advised appellant that he had 30 days within which to personally submit any contentions or issues for us to consider. On November 9, 2015, we granted appellant's request to have until December 8, 2015, to file a supplemental brief; on December 10, 2015, we granted appellant's second request for an extension, giving him an additional 30 days to file a supplemental brief.

On January 11, 2016, we received appellant's supplemental brief. He argues that he was denied effective assistance of counsel for his trial lawyer's failure to uncover alleged evidence of fraud by the prosecution's two key witnesses. His supplemental brief is supported by a May 23, 2007, declaration submitted by his wife, Kimi Scudder-Gamble, in which she attests that she discovered evidence of these witnesses' fraud.[1] Based upon this evidence, he asks that we grant him "habeas relief."

We have examined our prior opinion in *People v. Rowland* (Apr. 23, 2002, B150789) [nonpub. opn.]) and the entire record, and we are satisfied that appellant's appellate counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*).) We see no indication of any error. Appellant has failed to demonstrate that but for his counsel's alleged errors, he would have obtained a different result. (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 694.)

Appellant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment and sentence entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

---

[1] Her declaration is the same one that was submitted to the Court of Appeal in support of appellant's prior petition for writ of habeas corpus. On April 15, 2008, that petition for writ of habeas corpus was denied. (*In re Ricky Gamble*, B207009.)

2